UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMPASS BANK, | § | |
|     *Plaintiff* | § | |
| v. | § | CIVIL ACTION H-09-3358 |
| | § | |
| | § | |
| JAMES R. RUTHERFORD, | § | |
|     *Defendant*. | § | |

## ORDER

This collection action is before the court on plaintiff Compass Bank's motion for summary judgment (Dkt. 14). Defendant James Rutherford did not file a response. After a hearing on June 17, 2010, Compass' motion for summary judgment is granted.[1]

## Background

The following facts are undisputed. On October 28, 2008, Rutherford executed a promissory note in the amount of $288,109.56 payable to Compass, the current owner and holder of the note. The note provided for 11 payments of principal and accrued interest beginning November 15, 2008. All unpaid principal and accrued interest was due when the note matured on October 15, 2009. When Rutherford failed to pay the amount owed under the terms of the note, Compass made a demand for immediate payment. The following day, Compass filed its complaint against Rutherford seeking to collect $228,359.77, the principal sum as of April 15, 2010, together with interest of $102.97 accruing per diem until the date of judgment and $3,400 in attorney's fees, expenses, and costs.

---

[1] Both parties have consented to proceed before this magistrate judge. (Dkt. 11).

## Summary Judgment Standard

To obtain summary judgment, defendants bear the burden of demonstrating that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. FED. R. CIV. P. 56(c). The court will enter summary judgment if, after having adequate time for discovery, plaintiffs have produced no evidence to support one or more of the essential elements of their claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Conversely, where defendants have the burden of proof, they must establish, as a matter of law, every essential element of their defense before plaintiffs can be obligated to produce specific facts rebutting defendants' case. *Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). In determining the existence of a genuine issue of material fact, the court will draw all inferences arising from the facts in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.*, 286 F.3d 814, 817 (5th Cir. 2002).

## Analysis

Summary judgment may be appropriate to resolve a case that involves promissory notes. *See F.D.I.C. v. Cardinal Oil Well Servicing Co.*, 837 F.2d 1369, 1371 (5th Cir. 1988). To recover on a promissory note, a plaintiff must show (1) the defendant signed it, (2) the plaintiff is the present owner or holder, and (3) the note is in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *F.D.I.C. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993)).

Here, Compass has provided the court with a copy of the promissory note bearing

Rutherford's signature. (Ex. A, Dkt. 14-1). The note lists Rutherford as the borrower and Compass as the lender. *Id.* Compass also provides and affidavit stating that it is the present owner and holder of the note, and that the note is in default. (Ex. B at 2, Dkt. 14-2). In addition, Compass cites to a sworn affidavit that it incurred $ 3,400.00 in attorney's fees and expenses in prosecuting this action. (Ex. D at 4, Dkt. 14-4).[2] Based on this evidence, Compass has met its burden on summary judgment.

The burden now shifts to Rutherford to direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial concerning Compass' claim. *Celotex*, 477 U.S. at 324. Rutherford did not respond to Compass' motion for summary judgment. The court therefore accepts Compass' evidence as undisputed. *Eversley v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988). Additionally, in its answer to the complaint Rutherford admitted that he executed the note; that Compass is the current owner and holder of the note; and that he has failed to remit all required payments in accordance with the terms of the note. (Rutherford Ans. at 1 (Dkt. 5)). Because Rutherford has not met his burden to establish a genuine issue of material fact for trial concerning Compass' claim, Compass is entitled to summary judgment.

---

[2] A failure of a defendant to pay the amount under the promissory note entitles Compass to recover its reasonable attorney fees, expenses and costs incurred in prosecuting this action. Ex. A "Attorneys' Fee; Expenses"; *see also* TEX. CIV. PRAC. & REM. CODE § 38.001.

**Conclusion**

For the foregoing reasons, Compass' motion for summary judgment (Dkt 14) is granted.

Signed at Houston, Texas on June 17, 2010.

_____
Stephen Wm Smith
United States Magistrate Judge